UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DUNE, INC., | |
| Plaintiff, | Case No. 19-cv-00948 |
| -against- | **COMPLAINT WITH JURY DEMAND** |
| MAISONX, LLC, | |
| Defendant. | |

Plaintiff Dune, Inc. ("Dune"), for its Complaint against defendant MaisonX, LLC ("MaisonX"), alleges as follows:

### Nature of Action and Relief Sought

1. This action arises from MaisonX's continuing unauthorized use of Dune's name and registered trademark, in violation of Dune's trademark rights and a in manner which appears deliberately intended to deceive and confuse consumers by falsely associating MaisonX and its products with Dune, notwithstanding Dune's demands that MaisonX cease its use of Dune's name and mark. Not only is MaisonX misleading consumers, it its diluting and tarnishing Dune's name, mark, and reputation.

2. Therefore, in this action Dune asserts claims against MaisonX for trademark infringement, dilution, and unfair competition under the Lanham Act and New York State statutory and common law, and for consumer fraud and related claims under New York State statutes, seeking injunctive relief and damages. Dune also asserts a claim for declaratory judgment that MaisonX has no common law right to the Dune name and mark.

## The Parties

3.  Plaintiff Dune is a corporation organized and existing under the laws of the State of New York with a principal place of business at 200 Lexington Avenue, Suite 100, New York, New York 10016.

4.  Upon information and belief, defendant MaisonX is a limited liability company organized and existing under the laws of the Delaware, having a principal address and place of business at 257 Grand Street, #217 Brooklyn, New York 11211.

## Jurisdiction and Venue

5.  This Court has subject matter jurisdiction over Dune's claims arising under the Lanham Act, pursuant to 15 U.S.C. §1121 and 28 U.S.C. §§ 1331 and 1338(a) and (b) and the Declaratory Judgment Act, pursuant to 28 U.S.C. §§ 2201 and 2202.

6.  This Court has supplemental jurisdiction over Dune's claims arising under New York statutory and common law, under 28 U.S.C. § 1367(a),

7.  This Court has personal jurisdiction over defendant MaisonX, which maintains its offices and conducts its regular business in New York City and, upon information and belief, committed the acts giving rise to this action in New York.

8.  Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c), as Dune maintains its principal place of business within this district.

## Facts Common to All Claims

*Dune's Brand and Trademark*

9.  Dune is a high-end contemporary design company focused on the development and manufacture of innovative interior products for home and office. Dune owns the registered trademark "Dune" under which it designs, manufactures, distributes, and offers for wholesale and retail sale furniture, home textiles and accessories, including rugs and mirrors, with facilities

in New Jersey and a prominent showroom in midtown Manhattan.Since at least 1998, Dune has continuously designed, manufactured, distributed, and offered for wholesale and retail sale furniture, home textiles and accessories, including rugs and mirrors, under the brand name "Dune." In that time, Dune has built an internationally recognized design brand with award-winning furniture collections and custom collaborations with cutting-edge designers and architects. Dune has cultivated a high-end clientele, and its brand evokes a sense of luxury and high fashion.

10. Dune's striking and well-known furniture has been installed in both private and commercial spaces nationwide, including the lobby and atrium of the Museum of Modern Art in Manhattan, New York. Dune's designs have been featured in a variety of national and international publications, including the New York Times, New York Magazine, Elle, and Architectural Digest.

11. Dune has a prominent showroom in Manhattan, New York and manufacturing facilities in New Jersey. Dune also maintains a website, www.dune-ny.com, which contains information regarding current collections, past projects, and the commission of bespoke pieces. Dune also maintains a strong social media presence, with 52,200 followers on Instagram.

12. Dune is the owner of United States Trademark Serial Number 86603407, registered by the United States Patent and Trademark Office ("USPTO") on Nov. 24, 2015, based on an application filed on Apr. 20, 2015, for the word mark "Dune" in international class 20 for residential and commercial furniture and international class 35 for online retail store and retail store services featuring furniture.

13. By virtue of using the Dune trademark in commerce since at least 1998, Dune has established and is the owner of common law trademark rights for the word mark "Dune." Dune

has also established and now owns common law trademark rights as a result of its use of the mark nationwide.

***MaisonX's Unauthorized, Deceptive Use of Dune's Name and Mark***

14.     MaisonX has been using and continues to use the name and mark "Dune" in offering for sale home products, such as towels, bath sheets, and bath rugs, including through a website "onlydune.com", without authorization from or even seeking any permission from Dune to do so.  Further, MaisonX has failed to cease its use of Dune's trademark even after receiving a cease-and-desist letter from Dune's counsel. True and correct copies of correspondence between counsel for the parties are annexed as Exhibit A.

15.     MaisonX's unauthorized use of the name and mark "Dune" appears deliberately intended to cause the maximum confusion with Dune's word mark, by stylized, lower case font which stops just short of identically copying the mark as used by Dune on Dune's own web site, as well as in Dune's showroom and in its marketing and advertising materials, as shown below:



Left: MaisonX                    Right: Dune's trademark

16.     Upon information and belief, MaisonX deliberately chose the above font and stylization in an attempt to mimic the look of Dune's trademark.

17.     MaisonX advertises its towels, bath sheets, and bath rugs through social media on Facebook and Instagram, posting attractive, artistic photographs that often do not feature any towels, bath sheets, or bath rugs, evoking a high-end and luxurious lifestyle that its products purport to be part of.

18. MaisonX is not related to or affiliated with Dune in any way and has not sought or received a license or authorization from Dune for any purpose whatsoever, including the acts described herein.

19. MaisonX's infringement of Dune's trademark unlawfully wrests from Dune control over its reputation and, upon information and belief, is unjustly enriching MaisonX.

20. MaisonX's unauthorized acts as described herein have caused and will continue to cause irreparable damage to Dune and its business and goodwill unless restrained by this Court.

21. Upon information and belief, and as evidenced by the facts and circumstances alleged above, MaisonX has intentionally and willfully violated Dune's trademark.

## COUNT I
## Trademark Infringement under
## Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1)

22. Dune repeats and incorporates herein by reference each of the foregoing allegations.

23. MaisonX's use of Dune's trademark constitutes knowing, deliberate and willful infringement of Dune's trademark under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

24. MaisonX's use of Dune's trademark is likely to cause confusion, cause mistake and/or deceive as to the affiliation, connection or association between MaisonX and Dune, and/or as to Dune's sponsorship or approval of MaisonX's goods, services and/or commercial activities.

25. Upon information and belief, MaisonX's aforesaid conduct has been undertaken knowingly, willfully and in bad faith.

26. As a result of MaisonX's infringement, Dune is entitled to injunctive relief and is also entitled to recover MaisonX's profits, Dune's non-duplicative actual damages, enhanced

profits and damages, and costs and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116 and 1117.

## COUNT II
### Unfair Competition and False Designation of Origin
### Under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)

27.Dune repeats and incorporates herein by reference each of the foregoing allegations.

28.MaisonX's use of Dune's trademark constitutes a false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

29.MaisonX's use of Dune's trademark is likely to cause confusion, cause mistake and/or deceive as to the affiliation, connection or association between MaisonX and Dune, and/or as to Dune's sponsorship or approval of MaisonX's goods, services and/or commercial activities.

30.MaisonX's use of Dune's trademark has caused, and unless enjoined, will continue to cause substantial and irreparable injury to Dune for which Dune has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with the Dune trademark.

31.Upon information and belief, MaisonX's aforesaid conduct has been undertaken knowingly, willfully and in bad faith.

32.As a result of MaisonX's infringement, Dune is entitled to injunctive relief and is also entitled to recover MaisonX's profits, Dune's non-duplicative actual damages, enhanced profits and damages, and costs and reasonable attorneys' fees under 15 U.S.C. §§ 1125(a), 1116 and 1117.

## COUNT III
## Trademark Dilution under
## Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c)

33. Dune repeats and incorporates herein by reference each of the foregoing allegations.

34. As a result of Dune's well-known and unique furniture that has been featured and sold nationwide, Dune's trademark has gained distinctiveness and is entitled to protection against dilution by blurring or tarnishment.

35. MaisonX's use of Dune's trademark constitutes dilution of Dune's trademark under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

36. MaisonX's use of Dune's trademark is likely to dilute the trademark at least by eroding the public's identification of the trademark with Dune and by lessening the capacity of the trademark to identify and distinguish Dune's goods and/or services.

37. Upon information and belief, MaisonX's aforesaid conduct has been undertaken knowingly, willfully and in bad faith.

38. As a result of MaisonX's dilution of Dune's trademark, Dune is entitled to injunctive relief and is also entitled to recover MaisonX's profits, Dune's non-duplicative actual damages, enhanced profits and damages, and costs and reasonable attorneys' fees under 15 U.S.C. §§ 1125(c), 1116 and 1117.

## COUNT IV
## Common Law Trademark
## Infringement and Unfair Competition

39. Dune repeats and incorporates herein by reference each of the foregoing allegations.

40. MaisonX's use of Dune's trademark constitutes common law trademark infringement and unfair competition with Dune under the common law of the State of New York.

7

41. MaisonX's use of Dune's trademark is likely to cause confusion, cause mistake and/or deceive as to the affiliation, connection or association between MaisonX and Dune, and/or as to Dune's sponsorship or approval of MaisonX's goods, services and/or commercial activities.

42. MaisonX's use of Dune's trademark has caused, and unless enjoined, will continue to cause substantial and irreparable injury to Dune for which Dune has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with Dune's trademark.

43. Upon information and belief, MaisonX's aforesaid conduct has been undertaken knowingly, willfully and in bad faith.

44. As a result of MaisonX's conduct, Dune is entitled to injunctive relief and is also entitled to recover MaisonX's profits, Dune's non-duplicative actual damages, punitive damages, and costs and reasonable attorneys' fees.

## COUNT V
## Unlawful Deceptive Acts and Practices
## under New York General Business Law § 349

45. Dune repeats and incorporates herein by reference each of the foregoing allegations.

46. MaisonX has been using and continues to use the "Dune" brand name and trademark to promote itself and its products in advertising and promotional materials directed to consumers, including via social media internet sites, so as to deceive and mislead consumers into believing that MaisonX and its products are part of, associated with, and/or licensed or approved by Dune.

47. MaisonX's use of the "Dune" brand name and trademark is materially misleading to consumers in that it deceptively and falsely suggests and implies that MaisonX and its products are designed by, approved by, and affiliated with the well-known Dune brand and have the high level of design and quality associated with actual Dune products.

48. MaisonX's misleading, deceptive use of the "Dune" brand name and trademark is deliberate and willful, as MaisonX has continued its misconduct even after Dune demanded that it cease.

49. MaisonX's misleading, deceptive use of the "Dune" brand name and trademark is likely to create, and, upon information belief, actually is creating, confusion and deception among consumers as to whether there is an affiliation, connection, or association between MaisonX and Dune, and their respective products, services, and commercial activities, thereby damaging and diluting the "Dune" name and mark.

50. For the foregoing reasons, MaisonX's ongoing deceptive, misleading use of Dune's trademark constitutes a violation of Section 349 of the New York General Business Law and has caused, and, unless enjoined, will continue to cause substantial and irreparable injury to Dune for which Dune has no adequate remedy at law, including substantial and irreparable injury to the goodwill and reputation for quality associated with Dune's trademark.

51. As a result of MaisonX's conduct, Dune is entitled to injunctive relief and is also entitled to recover actual damages, enhanced damages, punitive damages, treble damages and costs and reasonable attorneys' fees.

## COUNT VI
## Trademark Infringement under
## New York General Business Law § 133

52. Dune repeats and incorporates herein by reference each of the foregoing allegations.

53.    MaisonX's use of Dune's trademark constitutes a violation of Section 133 of the New York General Business Law.

54.    MaisonX's use of Dune's trademark is likely to cause confusion, cause mistake and/or deceive as to the affiliation, connection or association between MaisonX and Dune, and/or as to Dune's sponsorship or approval of MaisonX's goods, services and/or commercial activities.

55.    MaisonX's use of Dune's trademark has caused, and unless enjoined, will continue to cause substantial and irreparable injury to Dune for which Dune has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with Dune's trademark.

56.    Upon information and belief, MaisonX's aforesaid conduct has been undertaken knowingly, willfully and in bad faith.

57.    As a result of MaisonX's conduct, Dune is entitled to injunctive relief enjoining MaisonX's conduct described above.

## COUNT VII
## Dilution under New York
## General Business Law § 360-L

58.    Dune repeats and incorporates herein by reference each of the foregoing allegations.

59.    MaisonX's use of Dune's trademark constitutes a violation of Section 360-L of the New York General Business Law.

60.    MaisonX's use of Dune's trademark is likely to dilute the trademark at least by eroding the public's identification of the trademark with Dune and by lessening the capacity of the trademark to identify and distinguish Dune's goods and/or services.

61. MaisonX's use of Dune's trademark has caused, and unless enjoined, will continue to cause substantial and irreparable injury to Dune for which Dune has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with Dune's trademark.

62. Upon information and belief, MaisonX's aforesaid conduct has been undertaken knowingly, willfully and in bad faith.

63. As a result of MaisonX's conduct, Dune is entitled to injunctive relief enjoining MaisonX's conduct described above.

## COUNT VIII
### Declaratory Judgment that MaisonX Has No Common Law Rights in the Dune Name or Mark

64. Dune repeats and incorporates herein by reference each of the foregoing allegations.

65. A declaration is necessary and appropriate at this time to affirm Dune's common law right in the trademark and to prevent further trademark infringement and unfair competition by MaisonX.

66. Dune has used the Dune trademark in commerce since at least 1998, establishing itself as owner of common law trademark rights for the word mark "Dune." Dune has also established and now owns common law trademark rights as a result of its use of the mark nationwide.

67. Dune's continuous use of the Dune trademark in commerce since at least 1998 has established Dune as the senior user of the Dune trademark.

68. MaisonX's use of Dune's trademark is likely to cause confusion, cause mistake and/or deceive as to the affiliation, connection or association between MaisonX and Dune,

and/or as to Dune's sponsorship or approval of MaisonX's goods, services and/or commercial activities.

69. Accordingly, Dune, as senior user of the Dune trademark, is entitled to a Declaratory Judgment that MaisonX has no common law rights in the Dune trademark.

## Relief Sought

WHEREFORE, Plaintiff respectfully prays for judgment against Defendant as follows:

1. Judgment that MaisonX has:

   a. Willfully infringed Dune's trademark in violation of § 1114 of Title 15 in the United States Code;

   b. Willfully engaged in unfair competition and/or used false designations of origin in violation of § 1125(a) of Title 15 in the United States Code;

   c. Willfully diluted Dune's trademark in violation of § 1125(c) of Title 15 in the United States Code;

   d. Willfully infringed Dune's trademark and engaged in unfair competition in violation of the common law of New York;

   e. Willfully committed deceptive acts in violation of Section 349 of the New York General Business Law;

   f. Willfully committed acts with the intent to deceive or mislead in violation of Section 133 of the New York General Business Law; and

   g. Willfully diluted Dune's trademark in violation of Section 360 of the New York General Business Law.

2. An injunction prohibiting MaisonX and each of its agents, employees, servants, attorneys, successors and assigns, and all others in privity or acting in concert therewith from

continuing infringement, false designation of origin, unfair competition, and dilution of Dune's trademark, including at least from selling, offering to sell, distributing or advertising goods and/or services using Dune's trademark;

3. An order directing the destruction of all advertising materials related to goods and/or services marketed using Dune's trademark, including on the Internet;

4. An award of MaisonX's non-duplicative profits, Dune's actual damages, enhanced profits and damages, treble damages, punitive damages, and costs and reasonable attorneys' fees for MaisonX's trademark infringements and dilution, and acts of unfair competition and unfair business practices;

5. A Declaration that MaisonX has no common law rights in the Dune trademark;

6. Such other and further relief as this Court deems just and proper.


Dated: New York, New York            **BARTON LLP**
       January 31, 2019


                                     By:  ___/s Michael C. Ward_____
                                          Michael C. Ward
                                          Roger E. Barton
                                          Randall L. Rasey

                                          711 Third Avenue, 14th Floor
                                          New York, NY 10017
                                          rbarton@bartonesq.com
                                          rrasey@bartonesq.com
                                          (212) 687-6262

                                          *Attorneys for Plaintiff Dune, Inc.*

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Dune hereby demands trial by jury on all issues raised by the Complaint.

Dated: New York, New York
       January 31, 2019

**BARTON LLP**

By: ___/s Michael C. Ward_____
    Michael C. Ward
    Roger E. Barton
    Randall L. Rasey

711 Third Avenue, 14th Floor
New York, NY 10017
rbarton@bartonesq.com
rrasey@bartonesq.com
(212) 687-6262

*Attorneys for Plaintiff Dune, Inc.*